IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RENEE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv- |
| | ) | |
| FAITH MANAGEMENT AND DEVELOPMENT, INC., an Illinois Corporation, | ) ) ) | Judge |
| | ) | Magistrate Judge |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## *COMPLAINT*

NOW COMES the Plaintiff, RENEE JOHNSON, by and through her attorney, WALSH LAW GROUP, P.C., and presents her Complaint against Defendant FAITH MANAGEMENT AND DEVELOPMENT, INC. and in support thereof, complains as follows:

### *NATURE OF THE ACTION*

1. This is an action for injunctive relief and damages under the Federal Fair Housing Act for discrimination in housing based upon Plaintiff's disability.

### *JURISDICTION AND VENUE*

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to 42 U.S.C. § 3601, *et seq*.

3. Venue is proper under 28 U.S.C. § 1391(b). The unlawful failure to accommodate Plaintiff's disability was committed in Cook County, Illinois, a county within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## *THE PARTIES*

4. Plaintiff Rene Johnson ("Ms. Johnson") resides in an apartment located at 12501 South Ashland Avenue, Unit GE, in Calumet Park, Illinois.

5. Defendant Faith Management and Development, Inc. ("Faith Management") owns, operates and manages the building where Plaintiff resides at 12501 South Ashland in Calumet City. Its principal place of business is 1858 High Street, Blue Island, Illinois in Cook County.

## *STATEMENT OF FACTS*

6. The apartment building located at 12501 South Ashland in Calumet Park, Illinois ("the Building) is a three-story apartment building. There are two buildings in the complex.

7. The Building is owned, operated and managed by Faith Management. Ms. Johnson rents Unit GE from Faith Management and has resided there for several years.

8. Ms. Johnson executed a written residential lease ("the Lease") with Faith Management for Unit GE in the Building whereby she pays monthly rent of $675.00. Ms. Johnson is identified as the "lessee" and Faith Management is identified as the "lessor" in the Lease.

9. In paragraph six of the Lease, Faith Management "covenants that on paying the rent and performing the covenants herein contained, Lessee shall peacefully and quietly have, hold and enjoy the demised premises for the agreed term." Ms. Johnson has paid the rent and performed all covenants required of her pursuant to the Lease from its execution to the present.

10. On July 14, 2015, Ms. Johnson suffered a stroke that left her disabled. Namely, she lost the use of her left arm and hand and suffers from "foot drop" of her left foot.

11. Ms. Johnson lives in a ground floor unit of the building. The unit is partially below ground, so there are a set of stairs that she must climb to leave the apartment at the front and rear

entrances. There are also two steps that must be navigated to enter and exit the front of the building from the sidewalk.

12. Neither of the staircases in the Building that permit ingress and egress from her unit have hand railings on the wall side of the respective staircases. Moreover, the two stairs leading to the front door of the building have no hand railings of any kind. Thus, Ms. Johnson does not have access to any safety railing when walking up the stairs to leave her apartment or to hold anything in her right hand when walking down the staircases.

13. In March 2016 and on several occasions thereafter, Ms. Johnson notified Faith Management that she was disabled due to her stroke and could not use her left arm or hand. She requested that Faith Management install hand railings to protect her as she walked up and down the staircases. Faith Management refused to accommodate Ms. Johnson's disability.

14. On April 15, 2016, Ms. Johnson was walking up the stairs while attempting to take out the garbage when she had to turn around to re-enter her apartment. Because there was no railing on the wall-side of the staircase, Ms. Johnson fell down the stairs and severely injured her shoulder.

15. As a result of Faith Management's refusal to provide an accommodation to Ms. Johnson and the resultant fall, she suffered a shoulder dislocation, great pain and suffering and incurred numerous medical bills.

16. Ms. Johnson has made numerous requests since April 15, 2016 for Faith Management to provide hand railings, but it has persisted in its refusal to provide her with an accommodation. As a result, Ms. Johnson has effectively been captive in her apartment, at time having food delivered through the window due her being unable to unlock the front door.

## *COUNT I – DISABILITY DISCRIMINATION IN HOUSING UNDER THE FEDERAL FAIR HOUSING ACT – 42 U.S.C. § 3604(f)*

17. Ms. Johnson repeats, re-alleges and incorporates by reference the factual allegations of paragraphs one through sixteen as if fully set forth herein.

18. Ms. Johnson is a person with paralysis in her left arm and hand and partial paralysis in her left foot, a disability that limits one or more major life activities, namely the ability to enter and leave her residence or work.

19. Ms. Johnson requested that Faith Management grant her a reasonable accommodation of hand railings on the stairwells and doorways providing ingress and egress to her building and apartment.

20. Such an accommodation would have assisted Ms. Johnson with her activities of daily living and afford her an equal opportunity to use and enjoy her home, including the common area and staircases.

21. Faith Management knew or should have known that Ms. Johnson was a person with a disability.

22. Faith Management never expressed concern that Ms. Johnson's request posed any cost or burden upon it. The cost for a Faith Management to purchase and install hand railings for two staircases of 6 and 3 steps respectively and one additional step is *de minimis*. Instead, Faith Management simply refused to provide the accommodation.

23. Faith Management discriminated against Ms. Johnson by refusing to make a necessary and reasonable accommodation by installing hand railings on the wall-side of the staircases and to the front steps of the building to afford Ms. Johnson an equal opportunity to use and enjoy her home, in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(b).

24. By refusing to provide the reasonable accommodations requested by Ms. Johnson, Faith Management has discriminated against her based on her disability, denied her the equal opportunity to use and enjoy her home in a manner similar to a person without a disability and denied or otherwise made unavailable to her the full use of her home, in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(1).

25. As a result of Defendant's unlawful discrimination, Ms. Johnson suffered severe injuries, pain and suffering, medical bills and has been unable to maintain employment.

WHEREFORE, RENEE JOHNSON demands judgment against Defendant FAITH MANAGEMENT AND DEVELOPMENT, INC. as follows:

A. Damages for all of Renee Johnson's compensable injuries in an amount to be proven at trial, plus interest and costs;

B. Attorney fees and costs;

C. Exemplary and punitive damages in an amount to be proven at trial;

D. Injunctive relief requiring Defendant to purchase and install hand railings on both sides of all steps and staircases leading into the Building and Ms. Johnson's apartment;

E. Such further relief as this Court may deem just and proper.

### *JURY DEMAND*

26. Plaintiff demands trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

WALSH LAW GROUP, P.C.


By: ___/s/ Patrick J. Walsh___
      Patrick J. Walsh, Esq.

Patrick J. Walsh, Esq.
WALSH LAW GROUP, P.C.
30 South Wacker Drive, Suite 2200
Chicago, Illinois 60606
(312) 466-7683
Atty. No. 6287629
pw@thewalshlawgroup.com